```
             UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

Phillip Roberts

    v.                                                      Case No. 21-cv-875-SE
                                                                     Opinion No. 2022 DNH 137

Warden, FCI Berlin

## O R D E R

Phillip Roberts, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging a disciplinary proceeding that resulted in his loss of good conduct time.[1] As construed on preliminary review, Roberts asserts that the proceeding violated his Fifth Amendment due process rights. The warden moves for summary judgment. Doc. no. 10. Roberts did not file a response to the motion. Because at least some evidence supported the disciplinary hearing officer's ("DHO") decision, the court grants the warden's motion.

## Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ.

---

[1] Roberts filed his petition when he was a prisoner at the Federal Correctional Institution ("FCI") in Berlin, New Hampshire. He is now incarcerated at the FCI in Beaver, West Virginia.

P. 56(a). A material fact is one that "carries with it the potential to affect the outcome of the suit." French v. Merrill, 15 F.4th 116, 123 (1st Cir. 2021) (quotation omitted). A material fact is in genuine dispute if "a reasonable jury could resolve the point in the favor of the non-moving party." Id. The court construes the record in the light most favorable to the nonmoving party. Benson v. Wal-Mart Stores East, L.P., 14 F.4th 13, 17 (1st Cir. 2021). In considering a motion for summary judgment, the court may review materials cited in the motion and other materials in the record. Fed. R. Civ. P. 56(c)(1)(3).

Background

The disciplinary charges against Roberts pertain to his use of the telephone at FCI Berlin. Prisoners' calls are restricted and monitored. On February 26, 2021, a member of the Bureau of Prisons ("BOP") staff at FCI Berlin reviewed a recording of a telephone call that Roberts placed on February 23 from the Special Housing Unit. During the February 23 call, Roberts asked the recipient of the call to make third-party calls for him. Roberts explained to the recipient that he could not get caught making a third-party call.

A third-party call is a three-way call made by a prisoner to a recipient who then calls another telephone number to contact a third person. The BOP prohibits prisoners from making

such calls. Two BOP Offense Codes pertain to third-party calls: Code 297, and a lesser offense, Code 397. 28 C.F.R. § 541.3, T.1.

In Roberts's case, the recipient's attempt to contact the first third-party, "Jaquelle," at a number Roberts provided to the recipient was unsuccessful. Roberts then asked the recipient to call "Deandre" at a different number, but that call went to voicemail. Later in the call a female voice could be heard on a speaker phone talking to both Roberts and the recipient.

On February 26, 2021, the BOP staff member who reviewed the recording completed an incident report on the third-party call, Incident Report No. 3478404. The Incident Report cites Code 297 as the Prohibited Act Code. A prison official delivered the Incident Report to Roberts that same day. After the Unit Disciplinary Commission reviewed the incident, the report was referred to the DHO for a hearing.

Roberts wrote a statement in which he denied the charge. In the statement, he asserted that he asked his father to make two calls to relay messages on his behalf but denied that he ever asked his father to make a third-party call or a conference call. He admitted that his father texted Roberts's girlfriend, at Robert's request, to tell her that Roberts needed money in his commissary account and that she responded that would she call back. Roberts also asserted that the female voice heard on

3

the recorded call was not a separate call but instead was his father's girlfriend in the background of the call between him and his father.

The DHO held a hearing on March 16, 2021. Roberts provided his written statement and also responded to evidence that was raised during the hearing. The DHO found that the record evidence showed that Roberts committed the prohibited act as charged. In making that finding, the DHO relied on the BOP staff member's written account of monitoring Roberts's call, the DHO's own review of the call, the record of calls from Roberts's account, and Roberts's statements. Roberts appealed that decision through the administrative process.

After his appeals were denied, Roberts filed the § 2241 petition in this case. He contends that there is no evidence that he committed the prohibited act of three-way calling, making the DHO's decision a violation of due process. He also contends that the correct code for three-way calling is Code 397 rather than Code 297 as was charged.

## Discussion

The warden moves for summary judgment. In support, he asserts that, contrary to Roberts's claim, there was evidence supporting the DHO's decision. The warden also asserts that the BOP has discretion to decide whether to charge a violation of

4

Code 297 or Code 397. Roberts did not respond to the motion for summary judgment.

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556 (1974). The court assumes without deciding that prisoners retain a liberty interest in good conduct time ("GCT") and that 28 U.S.C. § 2241 remains a proper vehicle by which to challenge disciplinary proceedings resulting in the loss of GCT. See, e.g., Francis v. Maloney, 798 F.3d 33, 36-37 (1st Cir. 2015) (discussing how Pepper v. United States, 562 U.S. 476, 501 n.14 (2011) may call into question whether a prisoner can bring a habeas claim for relief associated with lost GCT because Pepper states in dicta that GCT "does not affect the length of a court-imposed sentence; rather, it is an administrative reward" to incentivize compliance with prison disciplinary regulations); cf. Wolff, 418 U.S. at 557 (concluding prisoners have a liberty interest in GCT because there is a statutory right to "a shortened prison sentence through the accumulation of credits for good behavior").

Proceeding under that assumption, if a prison disciplinary hearing may result in the loss of GCT, a prisoner is entitled to: (1) written notice of the disciplinary charges at least 24 hours in advance of the hearing; (2) an opportunity, when

5

consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; (3) an impartial factfinder; and (4) a written statement by the factfinder of the evidence relied upon and the reasons for the disciplinary action. Id. at 563-67. Further, due process requires that the disciplinary decision to revoke GCT be supported by "some evidence." See Superintendent, Massachusetts Corr. Inst., Walpole v. Hill, 472 U.S. 445, 454, 455-56 (1985) (explaining the "some-evidence" inquiry requires the court to determine "whether there is any evidence in the record that could support the [DHO's] conclusion").

I. Code 297 or Code 397

Both Code 297 and Code 397 prohibit the use of a telephone for abuses other than illegal activity. The primary difference is that Code 297 prohibits the "use of the telephone for abuses other than criminal activity <u>which circumvent</u> the ability of staff to monitor frequency of telephone use, content of the call, or the number called . . . ." 28 C.F.R. § 541.3, T.1 (emphasis added). Code 397 prohibits the "use of the telephone for abuses other than criminal activity <u>which do not circumvent</u> the ability of staff to monitor" such conduct. Id. (emphasis added). "A '297' is considered a high severity level violation" while a "'397' is considered a moderate severity level

6

violation." Chappell v. Salina, No. 2:17-CV-374, 2018 WL 8415413, at *1 n. 1 (S.D. Tex. Nov. 5, 2018), report and recommendation adopted, No. 2:17-CV-374, 2019 WL 2284904 (S.D. Tex. May 29, 2019). Thus, a violation of Code 297 brings with it a higher sanction than a Code 397 violation. Oliver v. Warden, No. 5:19-cv-214-KKM-PRL, 2022 WL 2209896, at *1 (M.D. Fl. June 21, 2022).

The warden contends that the BOP can charge a violation of Code 297, with the more severe sanction, without violating due process when charged conduct violates both Codes 297 and 397. Courts that have addressed the issue agree that the charging decision in such circumstances does not violate due process as long as there is some evidence that shows the prisoner violated the charged code. See, e.g., West v. Williams, No. 2:15-cv-10, 2015 WL 5042158, at *6 (N.D. W.Va. Aug. 25, 2015); Saeed v. Pugh, No. 4:14-cv-0871, 2014 WL 4966357, at *2 (N.D. Ohio Oct. 3, 2014). Therefore, the material issue for purposes of due process is whether some evidence supports the decision in a disciplinary proceeding that the prisoner committed the charged violation: here, a violation of Code 297. Hill, 472 U.S. at 454.

II. Sufficiency of the Evidence

To determine whether the decision is based on some evidence, the court need not review the entire record or make

7

credibility determinations. Hill, 472 U.S. at 455-56. Even a meager amount of evidence satisfies due process, and a due process violation will be found only if there is no evidence in the record that supports the decision, making it arbitrary. Id. at 456-57.

The record evidence shows that Roberts tried to make third-party calls on February 23, 2021, by calling the recipient, later identified as Roberts's father, and asking him to call third parties at the numbers Roberts provided. During the call, Roberts told the recipient that he would get in trouble for making three-way calls. In addition, Roberts asked the recipient to contact his girlfriend to tell her to send Roberts money.

Even Roberts's written statement asserts that he told the recipient to call other numbers on a cell phone for the purpose of delivering messages on Roberts's behalf while he and Roberts maintained their conversation on the house phone. The recipient's first two attempts to call third parties were unsuccessful. Eventually, a third person is heard on the call on a speaker phone. Although the BOP staff member heard the call, Roberts's actions hid the identities of the third-party recipients, who may not be approved contacts.

Roberts may believe that his conduct is better classified as a violation of Code 397. The relevant question, however, is whether there is some evidence that he violated Code 297. Third-

party calls may interfere with the ability of BOP staff to monitor telephone use by prisoners, including the identity of the people involved in the call and the telephone numbers used. See Mustafa v. Fikes, No. 22-CV-0011 (PJS/JFD), 2022 WL 4291429, at *5 (D. Minn. Aug. 17, 2022), report and recommendation adopted, No. 22-CV-0011 (PJS/JFD), 2022 WL 4290686 (D. Minn. Sept. 16, 2022); Chappell, 2018 WL 8415413, at *5; Saeed, 2014 WL 4966357, at *2. Therefore, the record includes some evidence that Roberts violated Code 297, and the warden is entitled to summary judgment.

## Conclusion

For the foregoing reasons, the warden's motion for summary judgment (document no. 10) is granted. The petition is dismissed.

The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
Samantha D. Elliott
United States District Judge

October 28, 2022

cc: Phillip Roberts, pro se.
    Seth R. Aframe, AUSA.